UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY LEE MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07-CV-1565-JCH |
| | ) |
| AL LUEBBERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Anthony Lee Martin (registration no. 150991) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $8.75, and an average monthly account balance of $.90. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Farmington Correctional Center ("FCC"), seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3). The named defendants are Al Luebbers (Superintendent), Missouri Department of Corrections, Joni Light (Functional Unit Manager), Jamie Crump (Functional Unit Manager), John Doe #1 (Maintenance Supervisor), John Doe #2 (Functional Unit Manager), John Doe #3 (Functional Unit Manager), and John Doe #4 (Functional Unit Manager). Plaintiff alleges that the ventilation ducts at FCC are unsanitary, and that defendants "denied him access to adequate ventilation . . . [by subjecting] his person to the inhalation of dust mites as well as dust and lint particles which blow through the air from the ventilation ducts." In addition, he claims that defendants violated his Fourteenth Amendment equal protection rights by failing to provide him and other FCC offenders "access to the amenties [sic] of any emergency call light system, fire

sprinkler system or smoke alarms in any of the cells . . . [although] defendants provide these kind[s] of systems to other prisoners confined at different institutions throughout the MODOC prison system."

**Discussion**

**A. Section 1981 claims**

Title 42 U.S.C. § 1981 provides in pertinent part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988). Nothing in plaintiff's complaint indicates that any actions taken by defendants were motivated by purposeful race discrimination. Therefore, plaintiff's § 1981 claims are legally frivolous.

**B. Section 1985(3) claims**

Title 42 U.S.C. § 1985(3) provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such

4

> injury or deprivation, against any one or more of the conspirators.

To establish a claim under § 1985(3), plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). As noted above, nothing in the complaint indicates that defendants were motivated by purposeful discrimination. Furthermore, nothing in the complaint indicates that plaintiff is a member of a protected class. As such, plaintiff's § 1985(3) claims will be dismissed as legally frivolous.

**C. Section 1983 claims**

Having carefully reviewed plaintiff's condition-of-confinement allegations relative to the inhalation of dust mites, dust, and lint particles, the Court concludes that they fail to state a claim or cause of action under § 1983 and are legally frivolous. See Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)(to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir.

1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

Plaintiff's Fourteenth Amendment claims are also legally frivolous. To succeed on an equal protection claim which, as here, does not involve a constitutional right, an inmate "must show treatment that was invidiously dissimilar from that accorded other inmates, with no rational basis existing for the difference in treatment." Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); see also Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir. 1990). Plaintiff seems to have misconceived an essential element to any equal protection challenge, namely, that the alleged invidious discrimination must be against one person in favor of another person or class of persons, in this case at FCC (as opposed to other Missouri prisons), with no rational basis for any differentiation in treatment. Cf. Burns v. Swenson, 430 F.2d 771, 778 (8th Cir. 1970).

Last, plaintiff's claims against the Missouri Department of Corrections are barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a

"person" for purposes of a § 1983 action.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.75 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 7th day of November, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE